IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| CONTRAVIOUS B. GRIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 120-006 |
| ) | |
| AUGUSTA UNIVERSITY/MEDICAL ) | |
| CENTER and THE GEORGIA ) | |
| DEPARTMENT OF CORRECTIONS, INC., ) | |
| ) | |
| Defendants. ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff, currently incarcerated at Smith State Prison in Glennville, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983. Plaintiff commenced the case *pro se* and requested permission to proceed *in forma pauperis* ("IFP"). On January 14, 2020, the Court directed Plaintiff to return his Prisoner Trust Fund Account Statement and Consent to Collection of Fees forms within thirty days and advised Plaintiff that all prisoners, even those proceeding IFP, must pay the filing fee of $350.00 in full. 28 U.S.C. § 1915(b)(1). Plaintiff was cautioned that failure to respond would be an election to have this case voluntarily dismissed without prejudice. (See doc. no. 5.) The time to respond has passed, and Plaintiff has not submitted the documents required by the Court's January 14th Order. Nor has he provided the Court with any explanation why he has not complied.

Plaintiff cannot proceed IFP unless he submits the requisite Trust Fund Account Statement and consents to the collection of the entire $350.00 filing fee in installments.

Wilson v. Sargent, 313 F.3d 1315, 1319, 1321 (11th Cir. 2002) (citing 28 U.S.C. § 1915). Plaintiff has been warned that failing to return the necessary IFP papers would be an election to have his case voluntarily dismissed.

In that same January 14th Order, the Court also instructed Plaintiff he was required to submit his claims on the standard complaint form used by incarcerated litigants in the Southern District of Georgia. (See doc. no. 5, pp. 4-6.) The Clerk provided the necessary form, and the Court provided instructions to Plaintiff on how to submit his claims on the required form. (Id.) Plaintiff was cautioned that failure to respond with an amended complaint would be an election to have this case voluntarily dismissed without prejudice. (Id. at 6.) Plaintiff has not responded to the Court's January 14th Order with an amended complaint.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order. Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority: Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1(c). Finally, dismissal without prejudice is generally appropriate pursuant to

Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned." Owens v. Pinellas Cty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)). see also Loc. R. 41.1(b) (Court may dismiss an action *sua sponte* for "willful disobedience or neglect of any order of the Court").

Here, Plaintiff's failure to file an amended complaint, or even to provide the Court with an explanation for his failure to amend his complaint, amounts not only to a failure to prosecute, but also an abandonment of his case. This is precisely the type of neglect contemplated by the Local Rules. The Court cautioned Plaintiff that a failure to respond would be an election to have his case voluntarily dismissed. Furthermore, because Plaintiff sought permission to proceed IFP, the Court finds that the imposition of monetary sanctions is not a feasible sanction.

As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the filing fee, nor submitted his claims as directed on the standard complaint form used by incarcerated litigants in the Southern District of Georgia, the Court **REPORTS** and **RECOMMENDS** that this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of February, 2020, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA